United States District Court
Southern District of Texas
**ENTERED**
January 12, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LATORRENCE TORELL NEWMAN, (TDCJ #02030330) | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-1649 |
| RODGER BOWERS, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, LaTorrence Newman, is currently confined in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) at the Johnson Unit. Newman filed this prisoner civil-rights complaint under 42 U.S.C. § 1983 against certain defendants at the Wynne Unit, where Newman was previously confined. At the court's request, Newman filed a more definite statement of his claims. (Docket Entry No. 42). Newman sues (1) Rodger Bowers, the warden at the Wynne Unit; (2) Julia Rodriguez, a major at the Wynne Unit; (3) Dr. Paul Hindmon, a mental health professional at the Wynne Unit; and (4) Dr. Robin Rothrock, a physician. Newman represents himself and has been granted leave to proceed without prepayment of the filing fee.

After screening the pleadings under 28 U.S.C. §§ 1915, 1915A, the court concludes that this case must be dismissed.

## I. Background

At least some of Newman's allegations in this lawsuit appear to relate to his previous lawsuit in *Newman v. Officer Marfo, et al.*, Case No. 4:19-cv-352 (S.D. Tex.).[1] In particular, he

[1] In *Newman v. Officer Marfo, et al.*, Case No. 4:19-cv-352 (S.D. Tex.), Newman, the only plaintiff, sued several officers at the Wynne Unit. After pretrial screening, the court dismissed the claims against several defendants because Newman failed to allege any wrongdoing on the part of those defendants. The

alleges that Warden Bowers is violating his rights in connection with the settlement agreement in *Newman v. Officer Marfo, et al.*, Case No. 4:19-cv-352, because Bowers is making inmates at the Wynne Unit shave their facial hair.[2] Newman does not allege that Bowers is requiring that Newman shave his own facial hair.

As to Major Rodriguez, Newman claims in the amended complaint that Rodriguez acted with "deliberate indifference as she endorsed cases for facial hair that the unit had a mandatory training." (Docket Entry No. 35 at 3). When asked by the court to provide further details about his claim against Rodriguez, Newman answered:

> I plaintiff Newman allege that Major Julia Rodriguez acted with "deliberate indifference" because first I sent many requests as she and Warden Bowers were endorsing cases to officers to write cases. I finally received a[] chance to speak to her and she said the reason residents of Wynne Unit were receiving cases is because from the paperwork that they had, indicated that I plaintiff Newman were [sic] the only resident that could wear a[] goat-tee [sic] because I won the 1983 Newman v. Marfo. I told her that I specifically talked to my lawyers as they concluded my settlement and, ask Ms. Katherine Hill and Chris Porter did the 14th Amend[ment] apply. In which not only me 'but' all residents of Wynne Unit could to wear a[] goat-tee and they confirmed that they were indeed correct 'and' there the policy would go to all other units in TDC[J]. Major Rodriguez then told me that wasn't true and she talked me down and after that discussion I spoke on the request to be moved from K-2 smoke (synthetic marijuana) and she saw that I indeed qualified for the dormitory and said she would move me but it never happened.

(Docket Entry No. 42 at 2).

---

court also dismissed the claims against three other defendants because Newman had failed to exhaust administrative remedies as to them. (*See id.* at Docket Entry No. 99). The only remaining claim was that a TDCJ officer at the Wynne Unit, Officer Reid, violated TDCJ's grooming policy by requiring Newman to shave an approved and compliant religious beard, resulting in a violation of Newman's First Amendment rights. (*See id.*). The court found that a factual dispute precluded a finding that Reid was entitled to qualified immunity, and it denied Reid's motion for summary judgment. (*Id.*) The court then appointed counsel for Newman, and the parties eventually reached a settlement agreement. (*See* Docket Entry Nos. 104, 122). Based on the settlement agreement, the case was dismissed with prejudice on April 20, 2022. (Docket Entry No. 124).

[2] Despite Newman submitting a more definite statement, his factual allegations are not entirely clear. As required, the court construes Newman's pleadings liberally.

Newman identifies Paul Hindmon as a "mental health doctor." (*See id.* at 4). In the amended complaint, Newman alleges that he asked Hindmon "for help [and] he refused to get involved . . . ." (Docket Entry No. 35 at 4). When asked to provide more information about his claim against Hindmon, Newman appears to allege that he asked Hindmon for help with getting moved to a different part of the unit because Newman was experiencing secondhand smoke from the synthetic marijuana (also known as K-2) being smoked by his cellmate. (Docket Entry No. 42 at 3). According to Newman, Hindmon refused to help, "saying that policy prohibits him from helping me move to a smoke free part of the Wynne Unit, which would be the [dormitory]." (*Id.*). Newman also appears to allege that he asked for Hindmon's help in enforcing the settlement agreement in *Newman v. Officer Marfo, et al.*, Case No. 4:19-cv-352. (*Id.* at 4).

Last, Newman alleges that he also complained about the secondhand smoke to Robin Rothrock, who Newman identifies as a doctor. (Docket Entry No. 35 at 3–4; Docket Entry No. 42 at 5, 6). Newman states that Rothrock "said she couldn't move me, security had to do it but I told her I've tried to do that already and she refused to get involved and just became angrier and angrier." (Docket Entry No. 42 at 6).

As relief for his claim that the settlement agreement in *Newman v. Officer Marfo, et al.*, Case No. 4:19-cv-352, is not being enforced, Newman seeks monetary damages and injunctive relief in the form of an order requiring the defendants to be trained in the "state PD-22 codes, rules and regulations," and to "stop the persecution of facial hair." (Docket Entry No. 35 at 4; Docket Entry No. 42 at 8). Newman does not state that he seeks monetary relief for his claim related to the K-2 smoke; instead, it appears that Newman wants an order requiring that he be transferred to a different part of the Unit.

## II. Standard of Review

Because Newman is an inmate who has been granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss the case at any time, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In deciding whether the plaintiff's claim must be dismissed, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the court is mindful that Newman represents himself. Courts construe *pro se* litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a *pro se* plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is

entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalde*r, 105 F.3d 1059, 1061 (5th Cir. 1997).

**III. Discussion**

Newman alleges that the defendant state employees violated his constitutional rights. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States . . . ." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (*quoting Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution or of federal law, and (2) the violation was committed by someone acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

**A. The Official-Capacity Claims**

Bowers and Rodriguez are being sued for money damages for actions they took as employees of the TDCJ, which is an agency of the State of Texas. *See* Tex. Gov't Code § 493.001 *et seq.*; *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 604 (5th Cir. 2008) (recognizing the TDCJ as a state agency). Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–03 (1984). A suit

against a state official in his or her official capacity is considered a suit against the state itself. *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (citation omitted).

Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)). Because the TDCJ is a state agency and therefore immune, officials employed by TDCJ are also entitled to immunity from any claim for monetary damages against them in their official capacity. *See Loya v. Tex. Dep't of Corr.*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit.") (citation omitted); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity.") (citations omitted). As a result, Bowers and Rodriguez are entitled to immunity from any claim for monetary damages against them in their official capacities.

**B. The Individual-Capacity Claims**

*1. Warden Bowers*

Although Newman makes a general allegation that Bowers is violating his rights in connection with the settlement agreement in *Newman v. Officer Marfo, et al.*, Case No. 4:19-cv-352 (S.D. Tex.), Newman does not allege any facts that Bowers is not abiding by the settlement agreement as it pertains to Newman. (*See* Docket Entry No. 35 at 3–4; Docket Entry No. 42 at 1–2). Instead, Newman alleges that Bowers is requiring other inmates at the Wynne Unit to shave their facial hair. (*See* Docket Entry No. 42 at 1–2) (claiming that Bowers "continued to make

residents at Wynne Unit cut[] their facial hair off their faces (especially goat-tees [sic])" and that despite Newman "tr[ing to] politely and professionally . . . speak with him[,]" Newman was "ignored the whole entire time."); (*see also* Docket No. 35 at 4). Newman's claim against Bowers is subject to dismissal because Newman does not allege any facts showing that Bowers has violated Newman's rights. A plaintiff cannot bring a suit to enforce the rights of others. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) ("[A]ll persons who claim a deprivation of constitutional rights [are] required to prove some violation of their personal rights.") (citations omitted); *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (per curiam) (holding that a prisoner representing himself cannot sue on behalf of other prisoners). Newman also cannot act as counsel for other inmates. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (holding that a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer) (citations omitted).

Newman's claim against Rodger Bowers is dismissed under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

*2. Major Rodriguez*

Newman alleges that Major Rodriguez instructed other TDCJ officers to issue disciplinary cases to other inmates with facial hair. Newman's claim against Rodriguez must be dismissed. To the extent Newman is attempting to enforce the rights of other inmates in this lawsuit, he has no ability to do so. *See Barrows* 346 U.S. at 255; *Coon*, 780 F.2d at 1160; *Gregory*, 430 F. App'x at 310. If Newman is alleging that Rodriguez should be held liable for violating a TDCJ rule or procedure, this allegation must also be dismissed. The failure of prison officials to follow prison rules or regulations does not amount to a violation of a plaintiff's constitutional rights. *Lewis v.*

*Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) (holding that prison "rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right"); *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) ("An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim.").

Finally, Newman's allegation that Rodriguez agreed that he "qualified" for a certain dormitory and "said she would move me but it never happened" does not allege a violation of a constitutional right. "[A] prisoner has no liberty interest in being housed in any particular facility." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983) and *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)).

Newman's claims against Julia Rodriguez are dismissed under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

*3. Dr. Hindmon and Dr. Rothrock*

Newman does not state that he is seeking monetary damages as relief for his K-2 secondhand smoke claim. Instead, he seeks to be moved to a "smoke-free" part of the prison. (*See* Docket Entry No. 42 at 3–5). When this civil action was filed, Newman was confined at the Wynne Unit. After Newman filed this lawsuit, he was transferred to the Johnson Unit. (*See* Docket Entry No. 52). Because Newman is no longer at the Wynne Unit, his claim for an injunction transferring him to a smoke-free section of the Wynne Unit is moot. "A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility." *Price v. Hamilton*, No. A-08-CA-917-SS, 2009 WL 3247689, at *3–4 (W.D. Tex. Oct. 2, 2009) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)), *R&R adopted*, 2009 WL 5170710 (W.D. Tex. Dec. 17, 2009); *see also Walters v. Livingston*, 642 F. App'x 416,

418 (5th Cir. 2016) (per curiam) (affirming the Rule 12(b)(1) dismissal of an inmate's federal injunctive and declaratory relief claims because the "claims became moot upon [the inmate's] release from prison") (citing *Herman*, 238 F.3d at 665 and *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Pls.)*, 668 F.3d 281, 286 (5th Cir. 2012)). Newman's allegation that he asked for Hindmon's help in enforcing the settlement agreement in *Newman v. Officer Marfo* and that Hindmon refused to help is dismissed because Newman cannot enforce the rights of other inmates. *See Barrows* 346 U.S. at 255; *Coon*, 780 F.2d at 1160; *Gregory*, 430 F. App'x at 310. This claim is dismissed with prejudice under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B) for failure to state a claim on which relief may be granted. Newman's claim about K-2 secondhand smoke against Paul Hindmon and Robin Rothrock is dismissed as moot.[3]

## IV. Conclusion

For the reasons stated above, the court orders that the civil action filed by LaTorrence Newman is dismissed. The claims against Roger Bowers and Julia Rodriguez are dismissed with prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim on which relief may be granted. The K-2 secondhand smoke claim seeking injunctive relief against Paul Hindmon and Robin Rothrock is dismissed as moot. And the claim that Hindmon refused to help enforce the

[3] For a defendant to be liable for an Eighth Amendment violation, the alleged violation must be sufficiently serious and the defendant prison official must have acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In other words, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. Although Newman's K-2 secondhand smoke claim against Hindmon and Rothrock is now moot because Newman has been transferred to a different unit, the court observes that Newman has not pleaded any facts showing that Hindmon or Rothrock had any authority, as medical and mental health professionals, to prevent the smoking or were personally involved in any decisions regarding the smoking. *See Palmisano v. Franco*, 264 F.3d 1141, 2001 WL 822529, at *2 (5th Cir. June 21, 2001) (per curiam) (affirming dismissal of defendant who plaintiff claimed was deliberately indifferent to his serious medical needs when plaintiff was exposed to environmental tobacco smoke because defendant was not "personally involved in any decisions regarding environmental tobacco smoke").

settlement agreement in Newman's previous case is dismissed with prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

SIGNED on January 12, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge